CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

ROBERT E. JOHNSON

        Plaintiff

v.               17-C-296       CHRISTOPHER JOHN MCCARTHY

CENTRAL SUPPLY COMPANY OF WEST VIRGINIA
209 WEST WASHINGTON STREET
CHARLESTON      WV   25302

PATRICK SCOTT TUCKER
31 HICKORY DRIVE
FAIRMONT      WV  26554

        Defendant

To the Above-Named Defendant(s):
IN THE NAME OF THE STATE OF WEST VIRGINIA,

    you are hereby summoned and required to serve upon
JAMES LINDSAY, ESQ.
Plaintiff's attorney whose address is
85 W. MAIN STREET
BUCKHANNON, WV 26201

an answer, including any related counter-claim you may have, to the complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counter claim in the above-styled civil action.

DATED: 09/19/17

                           ALBERT F. MARANO, CLERK
                           Harrison County Circuit Court

                           By: _____, Deputy


EXHIBIT 1

# CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

In the Circuit Court, __Harrison__ County, West Virginia

## I. CASE STYLE:

**Plaintiff(s)**

Robert E. Johnson

c/o Klie Law Offices, PLLC

85 W. Main St., Buckhannon, WV 26201

Case # __17-C-295-1__

Judge: __McCarthy__

vs.

**Defendant(s)** Central Supply Company of WV
Corporation Service Company
209 West Washington Street
~~Street~~
Charleston, WV 25302

**City, State, Zip**

| Days to Answer | Type of Service |
|---|---|
| 30 | Secretary of State |

Patrick Scott Tucker

31 Hickory Drive

~~Street~~
Fairmont, WV 26554-7440

**City, State, Zip**

| Days to Answer | Type of Service |
|---|---|
| 20 | Certified Mail |

FILED IN 15TH CIRCUIT COURT
2017 SEP 19 A 9:55

**Street**

**City, State, Zip**

**Street**

**City, State, Zip**

Original and __5__ copies of complaint enclosed/attached.

SCA-C100.02 / 1 of 2

| PLAINTIFF: Robert E. Johnson<br>DEFENDANT: Central Supply Company of WV and Patrick S. T[...] | CASE NUMBER: 17-C-295-1 |
|---|---|

## II. TYPE OF CASE:

☑ General Civil ☐ Adoption

☐ Mass Litigation ☐ Administrative Agency Appeal
  (As defined in T.C.R. Rule XIX (c))
  ☐ Asbestos ☐ Civil Appeal from Magistrate Court
  ☐ Carpal Tunnel Syndrome ☐ Miscellaneous Civil Petition
  ☐ Diet Drugs
  ☐ Environmental ☐ Mental Hygiene
  ☐ Industrial Hearing Loss
  ☐ Silicone Implants ☐ Guardianship
  ☐ Other: _____
  ☐ Medical Malpractice

☐ Habeas Corpus/Other Extraordinary Writ

☐ Other: _____

## III. JURY DEMAND: ☑ Yes ☐ No

CASE WILL BE READY FOR TRIAL BY (MONTH/YEAR): 3 / 2019

## IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY? ☐ YES ☑ NO

IF YES, PLEASE SPECIFY:

☐ Wheelchair accessible hearing room and other facilities
☐ Interpreter or other auxiliary aid for the hearing impaired
☐ Reader or other auxiliary aid for the visually impaired
☐ Spokesperson or other auxiliary aid for the speech impaired
☐ Other: _____

Attorney Name: James Lindsay, Esq. (12770)
Firm: Klie Law Offices, PLLC
Address: 85 W. Main St. Buckhannon, WV
Telephone: (304) 472-5007
Dated: 9/15/17

Representing:
☑ Plaintiff ☐ Defendant
☐ Cross-Complainant ☐ Cross-Defendant

Signature

☐ Proceeding Without an Attorney

SCA-C100.02 / 2 of 2

IN THE CIRCUIT COURT OF HARRISON COUNTY, WEST VIRGINIA

ROBERT E. JOHNSON,

    Plaintiff,

v.                                                                    CIVIL ACTION NO.: 17-C-295-1

CENTRAL SUPPLY COMPANY
OF WEST VIRGINIA,
and PATRICK SCOTT TUCKER,
    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, Robert E. Johnson, and for his cause of action against the Defendants, Central Supply Company of West Virginia and Patrick Scott Tucker, states and alleges as follows, to-wit:

1. Plaintiff, Robert E. Johnson, (hereinafter referred to as "Plaintiff" or "Plaintiff Johnson" where appropriate) is an adult individual and resident of Bridgeport, Harrison County, West Virginia.

2. Defendant, Central Supply Company of West Virginia (hereinafter referred to as "Defendant Central Supply") is a Domestic Corporation licensed and authorized to do business in the state of West Virginia and actively, systematically conducting contracting, and transacting business in West Virginia; Defendant Central Supply has a principal business address of 4923 Benedum Drive, Bridgeport, WV 26330, and a Notice of Process contact of Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

3. Defendant, Patrick Scott Tucker, (hereinafter referred to as "Defendant Tucker") is an adult individual and resident of Marion County, West Virginia.

Page 1 of 8

4. Upon information and belief and at all times relevant herein, Defendant Tucker is the Building Supply Manager for Defendant Central Supply and was Plaintiff Johnson's direct supervisor during his employment with Defendant Central Supply.

5. Plaintiff Johnson worked for the Defendant for nearly twenty years, and left Defendant's employ in 2011.

6. Plaintiff was then re-hired as a fork truck operator in or about February 15, 2012, by way of a corporate merger.

7. Plaintiff was eligible for disability benefits and medical leave by way of his employment with the Defendant.

8. During the duration of his employment with Defendant, Plaintiff Johnson performed all of his job duties in a satisfactory and/or above satisfactory manner and never committed any separate, dischargeable offense.

9. In early August of 2016, Plaintiff Johnson's physician excused him from work for approximately one week due to chest pain thought to be a serious heart condition, but which turned out to be stress-induced.

10. In early August of 2016, Plaintiff contacted his supervisor, Defendant Tucker, to inform him that Plaintiff had sought medical treatment, and that he would need approximately one week of medical leave pursuant to his physician's orders.

11. On or about August 19, 2016, Plaintiff was called to the main office to meet with Beth Nuzum in the Human Resource Department. Plaintiff Johnson was informed that his position was being terminated and that it would be his last day.

12. Plaintiff committed no separate dischargeable offense warranting termination.

13. Based upon information and belief, Defendant did not eliminate Plaintiffs position and placed another employee in his position immediately after terminating Plaintiff's employment.

## COUNT I – RETALIATION AND INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

14. Plaintiff hereby restates each and every allegation contained in paragraphs One (1) through Thirteen (13) of this Complaint as if fully rewritten herein.

15. Based upon information and belief, Defendant Central Supply is a covered employer under the FMLA as it employs 50 or more employees.

16. Plaintiff was an eligible employee under FMLA as he had worked for Defendant Central Supply for a minimum of 12 months and worked a minimum of 1,250 hours over the preceding 12 months.

17. On or about August 2016, Plaintiff notified Defendants that he would require medical leave for chest pain and what he believed was a heart condition. Plaintiff's medical condition qualified him for FMLA leave as it was a serious health condition that prevented him from performing the essential functions of his job.

18. On or about August 19, 2016, Plaintiff's employment was terminated, thereby wrongfully interfering with his right to request FMLA benefits.

19. Plaintiff's termination was done in such a close time frame to his request for medical leave, that retaliatory discharge and discrimination can be reasonably inferred.

20. As a result of the wrongful acts of Defendants, Plaintiff Johnson has been caused to suffer serious losses and damages, including by not limited to, past lost wages and/or back pay, past lost benefits, future lost wages or front pay, future loss of benefits,

Page 3 of 8

financial distress, fear, humiliation, embarrassment, past and future anxiety, depression and emotional distress, attorney fees, and litigation costs, as more particularly set forth hereinafter.

## COUNT II - RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

21. Plaintiff hereby restates each and every allegation set forth in paragraphs One (1) through Twenty (20) of this Complaint as if fully rewritten herein.

22. In early August of 2016, Plaintiff informed Defendant of his need for medical leave.

23. Plaintiff informed Defendant Central Supply and Defendant Tucker of his physician's orders necessitating his need to take medical leave and the date for the same.

24. On or about August 19, 2016, just after he returned to work pursuant to his physician's orders, Plaintiff was informed that his employment was being terminated.

25. Plaintiff's termination was done in such a close time frame to his request for medical leave, that retaliatory discharge can be reasonably inferred.

26. Plaintiff's termination was wholly or in part due to his use and/or desire to use short term disability leave benefits and FMLA leave.

27. It is the substantial public policy of the State of West Virginia that employers comply with State and Federal labor law, including the administration of the Family Medical Leave Act, and that employees are not retaliated against for the exercise of their rights or for requesting that their employer comply with Federal regulations.

28. As a result of the acts and/or omissions of Defendants, Plaintiff was caused to suffer severe damages and losses as hereinafter set forth.

## COUNT III - TORT OF OUTRAGE

29. Plaintiff hereby restates each and every allegation contained in paragraph One (1) through Twenty-Eight (28) of this Complaint as if fully rewritten herein.

30. The wrongful employment acts and/or omissions taken by Defendants against Plaintiff were done in a severe and outrageous manner and were so extreme as to be intolerable in a civilized society.

31. Defendants acted intentionally or recklessly in causing Plaintiff extreme emotional distress and knew that said distress was likely to occur.

32. As a result of the acts and/or omissions of Defendants, Plaintiff was caused to suffer injuries, damages and losses as hereinafter set forth.

## COUNT IV - SHORT TERM DISABILITY INSURANCE RETALIATION

33. Plaintiff hereby realleges each and every allegation contained in Paragraphs One (1) through Thirty-Two (32) of this Complaint as if fully rewritten herein.

34. Plaintiff was engaged in applying for short-term disability benefits under his benefit package with Defendant.

35. Defendant was aware Plaintiff was engaged in applying for short-term disability benefits under his benefit package with Defendant.

36. Plaintiff's discharge was followed be his filing for said benefits within a time period that retaliatory discharge can be inferred.

37. Plaintiff did not commit any separate dischargeable offense.

## COUNT V - DISABILITY DISCRIMINATION IN VIOLATION OF THE HUMAN RIGHTS ACT

38. Plaintiff hereby realleges each and every allegation contained in Paragraphs One (1) through Thirty-Seven (37) of this Complaint as if fully rewritten herein.

39. As a result of his stress-related medical condition, Plaintiff was required to take time off from work.

40. Based upon information and belief, Defendant Central Supply, and/or its agents, servants, or employees made the decision to terminate Plaintiff's employment after being informed of Plaintiff's need for medical leave.

41. Further, Defendant Central Supply informed Plaintiff that his position was being cut; however, based upon information and belief, Defendant placed another employee in Plaintiff's position and continued operations as if Plaintiff was not terminated.

42. Plaintiff was treated in a disparate manner based, at least in part, upon his illness and disability.

43. The acts and/or omissions of Defendant Central Supply as herein alleged constitute discrimination in violation of the Human Rights Act, and directly and proximately caused the Plaintiff to suffer injuries, damages and losses hereinafter set forth.

## DAMAGES

44. Plaintiff hereby restates each and every allegation contained in paragraph One (1) through Forty-Three (43) of this Complaint as if fully rewritten herein.

45. As a direct a proximate result of the acts and/or omissions of Defendant Central Supply and Defendant Tucker, Plaintiff Johnson was caused to suffer injuries, damages and losses including but not limited to, past and future lost wages, past and future lost benefits, emotional distress, anxiety, depression, fear, embarrassment, humiliation, financial hardship and attorney fees.

46. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of West Virginia law for which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff Johnson demands judgment against the Defendants, jointly and severally, in an amount in excess of the minimum jurisdictional limits and an amount that would adequately compensate him for the unlawful acts and/or omissions and violations of law by Defendants. Further, Plaintiff demands punitive damages in an amount adequate to punish and deter Defendants from committing this type of conduct in the State of West Virginia in the future and in such amounts as will satisfy all other reasons of law and public policy for an award of punitive damages; and Plaintiff further prays for an award of attorney fees, costs interests and for such other relief as the Court of jury deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.

>Respectfully Submitted,
>Robert E. Johnson,
>*By Counsel*,

James L. Lindsay, Esq. (12770)
Erika Klie Kolenich, Esq. (9880)
Klie Law Offices, PLLC
85 W. Main St.
Buckhannon, WV 26201
(304) 472-5007
Facsimile: 304-472-1126
jlindsay@klielawoffices.com
ehklie@klielawoffices.com

## VERIFICATION

STATE OF _WV_ ;

COUNTY OF _Harrison_ ; TO-WIT:

I, Robert Johnson, the Plaintiff named in the foregoing COMPLAINT after being first duly sworn, do hereby swear that the facts and allegations therein contained are true, except insofar as they are therein stated to be upon information and belief, and insofar as they are therein stated to be upon information and belief, I believe them to be true.

_____
Robert Johnson

Taken, subscribed, and sworn to before
me, a Notary Public, by Robert Johnson
on this the ____ day of _____, 2017.


My Commission expires: _____


_____
Notary Public


Page 8 of 8

STATE OF __West Virginia__ :
COUNTY OF __Harrison__ :

I, __Rhonda N. Johnson__ a Notary Public in and for said County and State, certify that __Robert E. Johnson__, personally appeared, known to me (or satisfactorily proven) to be the same person who signed above, appeared before me today in said State and County, and acknowledged and delivered the instrument to be of their free act and deed.

Given under my hand this __8th__ day of __September__ 20 __17__.

My commission expires __12/27/21__

[SEAL]

_____
Notary Public

OFFICIAL SEAL - NOTARY PUBLIC
State of West Virginia
RHONDA N. JOHNSON
158 Fallen Tree Lane
MOUNT CLARE, WV 26408
My Commission Expires 12/27/2021